UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

OCTAVIA ANDERSON,

      Plaintiff,

v.                                                                                          Case No. 1:15-CV-211

CREDIT ACCEPTANCE                                                  HON. GORDON J. QUIST
CORPORATION,

      Defendants.
_____/

# OPINION

Plaintiff, Octavia Anderson, alleges that Defendant, Credit Acceptance Corporation, violated the Electronic Fund Transfer Act (EFTA), 15 U.S.C. § 1693. Defendant has moved to compel arbitration and dismiss this action, and Plaintiff has failed to respond to that motion. For the reasons that follow, the Court will grant Defendant's motion.

### *Background*

Plaintiff entered into a financing agreement with Betten Chevrolet (the Retail Installment Contract), and Betten Chevrolet assigned its rights under that contract to Defendant. (Dkt. #1 at Page ID#2, ¶7.) The contract contained an arbitration clause stating that if any dispute between Plaintiff and Betten Chevrolet or its assignee arose, either party could elect to have such dispute arbitrated. (Dkt. #6 at Page ID#53.) The contract defined a dispute as "any controversy or claim" between the parties "arising out of or in any way related to [the Retail Installment Contract]." (*Id.*) The parties also entered into an agreement whereby Plaintiff authorized payments by automatic electronic debit. (Dkt. #1 at Page ID#2, ¶7.) Plaintiff's claim arises out of the electronic debit agreement.

*Discussion*

The Federal Arbitration Act ("FAA") embodies the "liberal federal policy of favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927, 941 (1983). In determining whether to grant a motion to compel arbitration, courts determine whether (1) "a valid agreement to arbitrate exists between the parties" and (2) "the specific dispute falls within the substantive scope of that agreement." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003).

Plaintiff signed the Retail Installment Contract, which contained an arbitration clause. That clause included broad language providing that it extended to any dispute arising out of or related to the contract. This dispute, which is based on an agreement for making the payments required by the Retail Installment Contract, falls within the scope of that provision. Finally, there is no reason to believe that Plaintiff's claim would not be subject to arbitration simply because it is based on the EFTA. *See Williams v. Champs Auto Sales, Inc.*, No. 14-cv-12866, 2014 WL 6886546, at *2 (E.D. Mich. Dec. 4, 2014) (listing cases holding that EFTA claims are subject to arbitration).

*Conclusion*

Because there was a valid agreement to arbitrate, and the dispute at issue falls within the substantive scope of that agreement, Plaintiff must submit her claims to arbitration.

Dated: June 1, 2015 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE